```
               IN THE UNITED STATES DISTRICT COURT
                FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

**BOARDS OF TRUSTEES OF OHIO**
**LABORERS' FRINGE BENEFIT**
**PROGRAMS,**

      **Plaintiffs,**

  vs.                              Civil Action 2:15-cv-2399
                                      Chief Judge Sargus
                                      Magistrate Judge King

**SOLID ROCK CONSTRUCTION**
**SOLUTIONS, LLC,**

      **Defendant.**

## REPORT AND RECOMMENDATION

    This is an action for unpaid fringe benefit contributions, liquidated damages, and interest allegedly owed certain employee benefits plans pursuant to a collective bargaining agreement. Plaintiffs, the trustees of four trust funds, assert claims under ERISA, 29 U.S.C. § 1132, and the LMRA, 29 U.S.C. § 185. Defendant Solid Rock Construction Solutions, LLC, ("defendant") was served with a summons and a copy of the *Complaint* on June 16, 2015, *see* ECF 3, but has failed to plead or otherwise defend this action. Plaintiffs applied to the Clerk for entry of default, *Plaintiffs' Application for Entry of Default against Defendant*, ECF 4, and the Clerk entered defendant's default pursuant to Fed. R. Civ. P. 55(a) on July 14, 2015. *Clerk's Entry of Default*, ECF 5. This matter is now before the Court on *Plaintiffs' Motion for Default Judgment*, ECF 10, seeking default judgment against the defendant.

Plaintiffs have established that defendant entered into an agreement with a local union affiliated with the Laborers' District Council of Ohio, AFL-CIO, by which defendant agreed to pay contributions to the funds, by the 15th of each month, on behalf of its employees working within the work jurisdiction of the union.  *See* Exhibits A, B, attached to *Plaintiffs' Motion for Default Judgment*. The *Affidavit of Plaintiffs' Contractor Relations Manager,* ECF 10-2, establishes that defendant owes $23,018.24 in unpaid fringe benefit contributions for the period May 2015 through August 2015.  *Id*. at ¶ 3; Exhibit C, attached to *Plaintiffs' Motion for Default Judgment*. Plaintiffs are entitled to liquidated damages, interest, and attorney fees on these unpaid contributions.  29 U.S.C. § 1132(g)(2); *Mich. Carpenters Council Health & Welfare Fund v. C.J. Rogers, Inc*., 933 F.2d 376 (6th Cir. 1991).  Plaintiffs have established that defendant owes $3,599.98 in liquidated damages and interest on the unpaid contributions through October 2014.  *Affidavit of Plaintiffs' Contractor Relations Manager*, ¶ 3; Exhibit C, attached to *Plaintiffs' Motion for Default Judgment*.

Plaintiffs seek an award of attorney's fees in the amount of $3,315.00, for thirteen (13) hours billed at the rate of $255.00 per hour.  *Plaintiffs' Motion for Default Judgment*, p. 4; Exhibit D, attached thereto.  Plaintiffs have provided evidentiary support that the number of hours billed and the hourly rate charged are reasonable. *Plaintiffs' Affidavit in Support of Their Motion for Default Judgment*, ECF 10-1; Exhibit D, attached to *Plaintiffs' Motion for Default Judgment*.

Plaintiffs are therefore entitled to judgment in the amount of $26,618.22 in unpaid fringe benefit contributions, liquidated damages, and prejudgment interest, and an award of attorney's fees in the amount of $3,315.00.

Accordingly, it is **RECOMMENDED** that *Plaintiffs' Motion for Default Judgment*, ECF 10, be **GRANTED**.  It is **FURTHER RECOMMENDED** that the Clerk enter judgment against defendant Solid Rock Construction Solutions, LLC, and that plaintiffs Boards of Trustees of the Ohio Laborers' Fringe Benefit Programs have and recover from Solid Rock Construction Solutions, LLC, the sum of $26,618.22, for unpaid fringe benefit contributions for the period May 2015 through August 2015, prejudgment interest, and liquidated damages, and a reasonable attorney's fee in the amount of $3,315.00, plus interest from the date of judgment at the rate of one percent (1%) per month.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the

3

decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).


September 30, 2015                              *s/Norah McCann King*
                                                 Norah M<sup>c</sup>Cann King
                                              United States Magistrate Judge